UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

STEVEN FAKTOR,

                          Plaintiff,              Case No. 12 CV 5220 (RA) (HP)

v.
                                                  ECF CASE

YAHOO! INC. and SCORE,
                                                  JURY TRIAL DEMANDED

                          Defendants.
————————————————————————X

## COMPLAINT

Plaintiff Steven Faktor ("Faktor"), by his attorney, Gabriel E. Estadella, alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action for misappropriation of trade secrets, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, fraud, and civil conspiracy arising out of defendants Yahoo! Inc.'s ("Yahoo!") and SCORE's unauthorized use of Faktor's business plans to create a social-driven web series to help American small businesses.

### THE PARTIES. JURISDICTION AND VENUE.

2.      Faktor is an individual residing in New York, New York.

3.      Yahoo! is a Delaware corporation having a principal place of business at 701 First Avenue, Sunnyvale, California 94089.

4.      SCORE is a registered charitable entity under section 501(c)(3) of the Tax Code, 26 U.S.C. § 501(c)(3), having a principal place of business at 1175 Parkway, Suite 900, Herndon, Virginia 20170.

5.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that the parties are citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in New York, New York.

## BACKGROUND

7.      Faktor is a published author of, among other things, "Econovation: The Red, White, and Blue Pill for Arousing Innovation," and a former senior innovation executive with American Express Company, Citigroup Inc., and MasterCard Inc.

8.      Yahoo! is a global Internet brand and communications, commerce, and media company. Upon information and belief, many of Yahoo!'s current online products and services are offered to the public free of charge, with Yahoo!'s income being primarily derived from the sale of advertising and co-branding or sponsorship agreements with other companies. Much of the advertising consists of advertisements that appear on web pages throughout the Yahoo! website. Yahoo! also sells sponsorships, promotions, and a wide array of other marketing services to its clients. Yahoo! serves advertisements for thousands of companies each year, and its advertising clients have included a majority of the "Fortune 100" largest advertisers.

9.      Upon information and belief, the Yahoo! website has long been one of the leading Internet destinations in terms of traffic, advertising, and household and business user reach, and the Yahoo! trademark is one of the most recognized brands in the world. By virtue of the many of millions of visitors to the Yahoo! network of websites, Yahoo! has been famous for years.

10.     SCORE provides free business mentoring services to entrepreneurs in the United

2

States. SCORE also presents business workshops and seminars for a fee. Business mentoring services are provided by both active and retired business executives and entrepreneurs who donate their time and expertise as mentors to assist new and established small businesses. SCORE is a resource partner with the U.S. Small Business Administration.

11.     In fall 2011, Faktor met with representatives of SCORE and pitched a social-driven web series to help American small businesses. Participating businesses would get top-tier help and publicity through a major national media outlet at no cost to them.

12.     On December 2, 2011, Faktor spoke with Harold Dannenberg ("Dannenberg") of SCORE over the telephone regarding the reality series, and provided to Dannenberg by email confidential information regarding the series.

13.     On December 6, 2011, Faktor spoke with SCORE "mentor" Howard E. Fineman ("Fineman") over the telephone regarding the reality series, and provided to Fineman by email confidential information regarding the series.

14.     By email dated December 15, 2011, Fineman informed Faktor that he had reviewed Faktor's programming ideas with SCORE leadership, and that SCORE had decided not to participate in the proposed venture.

15.     Upon information and belief, Yahoo! later partnered with SCORE to release the "Remake America" series, which replicates every material element of the concept Faktor pitched to SCORE. Available at *http://news.yahoo.com/elections/remake-america/*.

16.     Upon information and belief, Episode 1 of Remake America was released on March 13, 2012.

17.     Upon information and belief, defendants have released seventeen (17) episodes of

Remake America, with the latest dated July 1, 2012.

18.     By letter dated May 29, 2012, the undersigned counsel for Faktor sent to defendants a demand letter regarding the above. No response has been received to date.

## COUNT ONE: MISAPPROPRIATION OF TRADE SECRETS

19.     Faktor repeats and realleges each and every paragraph set forth above as if fully set forth herein.

20.     Faktor took steps to maintain the secrecy of his programming ideas, business management information, and procedures.

21.     Faktor's programming ideas, business management information, and procedures were and are valuable to Faktor and to defendants.

22.     Faktor expended significant effort in time, effort, and money to develop his programming ideas, business management information, and procedures.

23.     Faktor's programming ideas, business management information, and procedures were not easily acquired or duplicated by others.

24.     Defendants' actions as described in this Complaint constitute misappropriation of Faktor's trade secrets, namely his programming ideas, business management information, and procedures.

25.     The actions of defendants described in this Complaint have at all relevant times been willful and/or knowing.

26.     As a direct and proximate result of the actions of defendants alleged in this Complaint, Faktor has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## COUNT TWO:

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

27.     Faktor repeats and realleges each and every paragraph set forth above as if fully set forth herein.

28.     The business interactions between Faktor and defendants constitute an implied covenant of good faith and fair dealing under New York State law. Defendants breached that covenant.

29.     As a direct and proximate result of the actions of defendants alleged in this Complaint, Faktor has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## COUNT THREE: BREACH OF FIDUCIARY DUTY

30.     Faktor repeats and realleges each and every paragraph set forth above as if fully set forth herein.

31.     Faktor reposed, and defendants knowingly accepted, Faktor's trust and confidence regarding Faktor's business plans.

32.     Faktor relied on defendants to act in the best interests of Faktor and defendants had full knowledge of Faktor's reliance.

33.     Defendants manipulated that reliance for their own personal gain and the gain of defendants.

34.     Defendants' actions amounted to a course of conduct designed to harm Faktor.

35.     Defendants' actions constituted breach of fiduciary duty.

36.     The actions of defendants described in this Complaint have at all relevant times been willful and/or knowing.

37.     As a direct and proximate result of the actions of defendants alleged in this Complaint, Faktor has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## COUNT FOUR: UNJUST ENRICHMENT

38.     Faktor repeats and realleges each and every paragraph set forth above as if fully set forth herein.

39.     As a result of defendants' actions, defendants have been enriched at the expense of Faktor.

40.     As a result of defendants' actions, Faktor has been deprived of a valuable benefit.

41.     Defendants cannot establish any justification for their unjust enrichment at the expense of Faktor.

42.     The actions of defendants described in this Complaint have at all relevant times been willful and/or knowing.

43.     As a direct and proximate result of the actions of defendants alleged in this Complaint, Faktor has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## COUNT FIVE: FRAUD

44.     Faktor repeats and realleges each and every paragraph set forth above as if fully set forth herein.

45.     Faktor reasonably relief on defendants' statements, as set forth in this Complaint.

6

46.     Faktor's reliance resulted in Faktor's detriment, as set forth in this Complaint.

47.     The actions of defendants described in this Complaint have at all relevant times been willful and/or knowing.

48.     As a direct and proximate result of the actions of defendants alleged in this Complaint, Faktor has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## COUNT SIX: CIVIL CONSPIRACY

49.     Faktor repeats and realleges each and every paragraph set forth above as if fully set forth herein.

50.     Upon information and belief, defendants' aforementioned acts demonstrate an agreement to commit the underlying torts described above, an overt act in furtherance of this agreement, and defendants' intentional participation in the furtherance of a plan or purpose.

51.     Upon information and belief, as a proximate result of defendants' actions, Faktor has suffered and will continue to suffer significant damages, including harm to his business, goodwill, and reputation.

WHEREFORE, plaintiff Steven Faktor demands judgment against defendants, jointly and severally, as follows:

1.     An injunction preliminarily and permanently enjoining defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

      a)     From producing and publishing the Remake America web series; and

      b)     From using confidential business information obtained by defendants from Faktor;

2.     An order directing defendants to destroy all business plans, and any other materials and things, whether printed or electronic, which consist of or contain Faktor's programming ideas, business management information, and procedures;

3.     An order holding defendants jointly and severally liable for misappropriation of trade secrets, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, fraud, and civil conspiracy, and directing defendants to pay to Faktor damages, including, but not limited to, direct, consequential, indirect, compensatory, and punitive damages;

4.     An order directing defendants to pay to Faktor defendants' profits associated with defendants' misappropriation of trade secrets, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, fraud, and civil conspiracy;

5.     An order directing defendants to pay to Faktor his attorney's fees and costs associated with this action; and

6.     Such other and further relief as the Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Brooklyn, New York
        July 5, 2012

                          Respectfully submitted,


                          ___/s/_____
                          Gabriel E. Estadella
                          GE1978
                          Law Office of Gabriel E. Estadella PLLC
                          137 Montague Street, No. 300
                          Brooklyn, New York 11201
                          T (914) 357-1690
                          F (347) 960-6619
                          gabriel@estadellalaw.com
                          Attorney for Plaintiff Steven Faktor