UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————X

STEVEN FAKTOR,

                          Plaintiff,                          Case No. 12 CV 5220 (RA) (HP)

v.
                                                              ECF CASE
YAHOO! INC. and SCORE,
                                                              JURY TRIAL DEMANDED

                          Defendants.
——————————————————————————X

## FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), plaintiff Steven Faktor ("Faktor"), by his attorney, Gabriel E. Estadella, timely amends his Complaint and alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action for misappropriation of breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, constructive fraud, and unjust enrichment arising out of defendants Yahoo! Inc.'s ("Yahoo!") and SCORE's unauthorized use of Faktor's business plans and ideas to create a social-driven web series to help American small businesses.

### THE PARTIES. JURISDICTION AND VENUE.

2.      Faktor is an individual residing in New York, New York.

3.      Yahoo! is a Delaware corporation having a principal place of business at 701 First Avenue, Sunnyvale, California 94089.

4.      SCORE is a registered charitable entity under section 501(c)(3) of the Tax Code, 26 U.S.C. § 501(c)(3), having a principal place of business at 1175 Parkway, Suite 900, Herndon, Virginia 20170.

5.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that the parties are citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in New York, New York.

## BACKGROUND

7.     Faktor is a published author of, among other things, "Econovation: The Red, White, and Blue Pill for Arousing Innovation," and a former senior innovation executive with American Express Company, Citigroup Inc., and MasterCard Inc.

8.     Yahoo! is a global Internet brand and communications, commerce, and media company. Upon information and belief, many of Yahoo!'s current online products and services are offered to the public free of charge, with Yahoo!'s income being primarily derived from the sale of advertising and co-branding or sponsorship agreements with other companies. Much of the advertising consists of advertisements that appear on web pages throughout the Yahoo! website. Yahoo! also sells sponsorships, promotions, and a wide array of other marketing services to its clients. Yahoo! serves advertisements for thousands of companies each year, and its advertising clients have included a majority of the "Fortune 100" largest advertisers.

9.     The Yahoo! website has long been one of the leading Internet destinations in terms of traffic, advertising, and household and business user reach, and the Yahoo! trademark is one of the most recognized brands in the world. By virtue of the many of millions of visitors to the Yahoo! network of websites, Yahoo! has been famous for years.

10.     SCORE provides free business mentoring services to entrepreneurs in the United

2

States. SCORE also presents business workshops and seminars for a fee. Business mentoring services are provided by both active and retired business executives and entrepreneurs who donate their time and expertise as mentors to assist new and established small businesses. SCORE is a resource partner with the U.S. Small Business Administration.

11.     In fall 2011, Faktor met with representatives of SCORE and pitched a social-driven web series to help American small businesses. Participating businesses would get top-tier help and publicity through a major national media outlet at no cost.

12.     On December 2, 2011, Faktor spoke with Harold Dannenberg ("Dannenberg") of SCORE by telephone regarding the reality series and provided to Dannenberg by confidential email information regarding the series.

13.     On December 6, 2011, Faktor spoke with SCORE "mentor" Howard E. Fineman ("Fineman") by telephone regarding the reality series and provided to Fineman by confidential email information regarding the series.

14.     By email dated December 15, 2011, Fineman informed Faktor that he had reviewed Faktor's confidential programming ideas with SCORE leadership and that SCORE had decided not to participate in the proposed venture. Specifically, Fineman stated that SCORE believed "there is significantly more downside than upside potential for our clients and our SCORE chapter."

15.     On April 7, 2012, SCORE announced its partnership with Yahoo! to release the "Remake America" series, which replicates the concept Faktor pitched to SCORE. Remake America is a weekly docu-series that follows the lives of six (6) families facing issues of joblessness, foreclosure, and lack of health insurance. SCORE partnered with Yahoo! by offering free small business guidance and resources to help one (1) of the featured struggling entrepreneurs find

3

solutions to issues facing small business owners across the country. The series debuted on March 8, 2012 on ABC's Good Morning America program and on the Yahoo! News online. Historically, Yahoo! News, a subsidiary of Yahoo!, has been an Internet portal known for aggregating someone else's content. Remake America is integral to Yahoo! News' effort to change its business model and bolter user loyalty.

16.     On information and belief, SCORE and Yahoo! have derived substantial benefits from their partnership, including, but not limited to, advertising revenues and less tangible benefits such as publicity and exposure.

## COUNT ONE:

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

17.     Faktor repeats and realleges each and every paragraph set forth above as if fully set forth herein.

18.     The business interactions between Faktor and SCORE constitute an implied covenant of good faith and fair dealing under New York State law. SCORE breached that covenant.

19.     As a direct and proximate result of the actions of SCORE, Faktor has been irreparably injured and has suffered monetary damages in an undetermined amount.

## COUNT TWO: BREACH OF FIDUCIARY DUTY

20.     Faktor repeats and realleges each and every paragraph set forth above as if fully set forth herein.

21.     Faktor reposed, and SCORE knowingly accepted, Faktor's trust and confidence regarding Faktor's business plans.

4

22.     Faktor relied on SCORE to act in the best interests of Faktor, and SCORE had full knowledge of Faktor's reliance.

23.     SCORE manipulated that reliance for its own gain.

24.     SCORE's actions amounted to a course of conduct designed to harm Faktor.

25.     SCORE's actions constituted breach of fiduciary duty.

26.     The actions of SCORE have been willful, reckless, and/or knowing.

27.     As a direct and proximate result of the actions of SCORE, Faktor has been irreparably injured and has suffered monetary damages in an undetermined amount.

### COUNT THREE: CONSTRUCTIVE FRAUD

28.     Faktor repeats and realleges each and every paragraph set forth above as if fully set forth herein.

29.     There was a fiduciary and confidential relationship between SCORE and Faktor warranting Faktor to repose his confidence in SCORE.

30.     SCORE made material false statements to Faktor regarding its participation in a web series venture like that proposed by Faktor.

31.     SCORE's representations were made to induce Faktor's reliance.

32.     Faktor reasonably relied on SCORE's statements in ignorance of their falsity.

33.     Faktor's reliance resulted in his detriment in an undetermined amount.

### COUNT FOUR: UNJUST ENRICHMENT

34.     Faktor repeats and realleges each and every paragraph set forth above as if fully set forth herein.

35.     As a result of defendants' actions, defendants have been enriched Faktor's expense.

5

36.     As a result of defendants' actions, Faktor has been deprived of a valuable benefit.

37.     Defendants cannot establish any justification for their unjust enrichment.

38.     It is against equity and good conscience to permit defendants to retain the undetermined value that rightfully belongs to Faktor.

WHEREFORE, plaintiff Steven Faktor demands judgment against defendants, jointly and severally, as follows:

1.     An injunction preliminarily and permanently enjoining defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them, from using confidential business information obtained by defendants from Faktor;

2.     An order directing defendants to destroy all business plans and any other materials and things, whether printed or electronic, which consist of or contain Faktor's programming ideas, business management information, and/or procedures;

3.     An order holding SCORE liable for breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, constructive fraud, and holding defendants jointly and severally liable for unjust enrichment;

4.     An order directing defendants to pay to Faktor damages, including, but not limited to, direct, consequential, indirect, compensatory, and punitive damages;

5.     An order directing defendants to pay to Faktor his attorney's fees and costs associated with this action; and

6.     Such other and further relief as the Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Brooklyn, New York
September 5, 2012

Respectfully submitted,

    /s/
_____
Gabriel E. Estadella
GE1978
Law Office of Gabriel E. Estadella PLLC
137 Montague Street, No. 300
Brooklyn, New York 11201
T (914) 357-1690
F (347) 960-6619
gabriel@estadellalaw.com
Attorney for Plaintiff Steven Faktor