USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STEVEN FAKTOR,

                     Plaintiff,

        -v-

YAHOO! INC. and SCORE,

                     Defendants.

------------------------------------------------------------X

No. 12 Civ. 5220 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiff Steven Faktor brings this action against Defendants Yahoo! Inc. ("Yahoo") and SCORE (collectively, "Defendants") asserting claims for breach of fiduciary duty, constructive fraud and unjust enrichment. Faktor alleges that Defendants used his "business plans and ideas for a social-driven web series" without his authorization. (Am. Compl. ¶ 1.) Both Defendants have moved to dismiss Faktor's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendants' motions are granted.

**I.  Background**

      Faktor alleges the following facts in his amended complaint, which are assumed to be true for the purpose of deciding this motion. See, e.g., LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009). Faktor is "a former senior innovation executive" with American Express Company, Citigroup, Inc., and MasterCard Inc. and the author of works including Econovation: The Red, White, and Blue Pill for Arousing Innovation. (Am. Compl. ¶ 7.) In 2011, Faktor met with representatives of SCORE, a charitable entity that provides

"business mentoring services," to "pitch" an idea for "a social-driven web series to help American small businesses." (Id. ¶¶ 4, 10-11.) In the proposed series, "[p]articipating businesses would get top-tier help and publicity through a major national media outlet." (Id. ¶ 11.) Faktor sought to gain access to small businesses through SCORE. (Faktor's December 2, 2013 and December 6, 2013 Emails with Attachment ("Pl. Opp'n Ex. 1").)

On December 2 and 6, 2011, Faktor spoke by telephone with two SCORE employees, Harold Dannenberg and Howard Fineman, regarding the series and subsequently provided them with additional information about his proposal "by confidential email." (Id. ¶¶ 12-13.) These emails included "a more detailed one pager . . . that [Faktor's] production company ha[d] been sharing confidentially with participating companies." (Pl. Opp'n Ex. 1.) The attached one page document included a synopsis of Faktor's proposed series and detailed the potential benefits for participating businesses. (Id.) Faktor permitted the SCORE employees "to pass along [his] email [and attachment] to any of the businesses [they had] in mind." (Id.) On December 15, 2011, Fineman informed Faktor by email that SCORE "had reviewed [his] confidential programming ideas" and "decided not to participate in the proposed venture." (Am. Compl. ¶ 14.) Fineman added that SCORE believed "there is significantly more downside than upside potential for our clients and our SCORE chapter." Id. (quoting Pl. Opp'n Ex. 1.)

Approximately five months later, SCORE publicly announced that it was partnering with Yahoo on a series entitled "Remake America." (Id. ¶ 15.) Yahoo is a global Internet brand, and a communications, commerce and media company. (Id. ¶ 8.) Remake America, which debuted on March 8, 2012 on ABC's Good Morning America program and Yahoo! News online, "is a weekly docu-series that follows the lives of six (6) families facing issues of joblessness, foreclosure, and lack of health insurance." (Id. ¶ 15.) SCORE participated in Remake America

2

by "offering free small business guidance and resources to help one (1) of the featured struggling entrepreneurs find solutions to issues facing small business owners across the country." (Id.) Faktor alleges that Remake America "replicates" the concept that he pitched to SCORE without his authorization and that Defendants have "derived substantial benefits from their partnership, including, but not limited to, advertising revenues and less tangible benefits such as publicity and exposure." (Id. ¶ 15-16.)

Faktor brought this action on July 7, 2012 and filed an amended complaint on September 5, 2012 alleging breach of the implied covenant of good faith and fair dealing,[1] breach of fiduciary duty, constructive fraud and unjust enrichment. (Dkt. No. 10.) On October 12, 2012, each Defendant filed a motion to dismiss the amended complaint. (Dkt. Nos. 12, 15.) Faktor opposed the motions jointly and each Defendant filed a reply memorandum. Defendants' motions are granted.

## II. Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012). To survive a motion to dismiss, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a

---

[1]   Faktor's opposition brief provides that he "voluntarily dismisses his claim for breach of implied covenant of good faith and fair dealing." (Pl. Opp'n 11.) Accordingly, that claim is dismissed.

cause of action" is insufficient. Twombly, 550 U.S. at 555.[2]

The court's consideration of a motion to dismiss is limited to the factual allegations in the complaint as well as "documents attached to the complaint as an exhibit or incorporated in it by reference, [] matters of which judicial notice may be taken, or [] documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Valentini v. Citigroup, Inc., 837 F. Supp. 2d 304, 312 (S.D.N.Y. 2011); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."). For purposes of ruling on this motion, the Court incorporates the exhibit attached to Faktor's opposition brief, which is a copy of Faktor's "confidential email[s]" and attached "detailed one pager" sent to SCORE. Because these documents were referenced in the amended complaint and were in Faktor's possession when the action was brought, the Court may properly take them into consideration.[3]

### III. Discussion

#### A. Breach of Fiduciary Duty and Constructive Fraud Against SCORE

Faktor alleges that SCORE's actions in partnering with Yahoo and participating in Remake America amounts to a breach of fiduciary duty and constructive fraud. In New York, a

---

[2] SCORE argues that Faktor is required to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) to adequately allege his constructive fraud claim. "There is some disagreement among courts in the Second Circuit as to whether Rule 9(b) governs constructive fraud claims." Marketxt Holdings Corp. v. Engel & Reiman, P.C., 693 F. Supp. 2d 387, 397 n.75 (S.D.N.Y. 2010). The Court finds, however, that Faktor fails to sufficiently allege constructive fraud under either Rule 9(b)'s heightened pleading standard or the general Rule 8(a) standard.

[3] In contrast to this exhibit, Faktor included additional factual allegations in his opposition brief and SCORE submitted a declaration with an accompanying exhibit. None of this information is referenced in the amended complaint, nor does it satisfy other grounds for consideration on a motion to dismiss. Thus, it is not considered in deciding this motion.

claim for breach of fiduciary duty requires: "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011) (citing Barrett v. Freifeld, 883 N.Y.S.2d 305, 308 (2d Dep't 2009)). "Constructive fraud requires establishing the same elements as actual fraud except that the element of scienter is replaced by a fiduciary or confidential relationship between the parties." E*TRADE Fin. Corp. v. Deutsche Bank AG, 631 F. Supp. 2d 313, 387 (S.D.N.Y. 2009) (internal quotation marks omitted). Because claims for breach of fiduciary duty and constructive fraud both require a fiduciary relationship, and because Faktor has failed to adequately allege such a relationship between himself and SCORE, both claims must be dismissed.

In determining whether a fiduciary relationship exists, courts "typically focus on whether one person has reposed trust or confidence in another who thereby gains a resulting superiority or influence over the first." Ciccone v. Hersh, 530 F. Supp. 2d 574, 577 (S.D.N.Y. 2008). The party reposing trust in another must also "reasonably rely on the other's superior expertise or knowledge." BNP Paribas Mortg. Corp. v. Bank of Am., N.A., 866 F. Supp. 2d 257, 270 (S.D.N.Y. 2012). The fiduciary or confidential relationship required for a constructive fraud claim must further warrant "the trusting party to . . . relax the care and vigilance he would ordinarily exercise in the circumstances." Brown v. Lockwood, 432 N.Y.S.2d 186, 193-94 (2d Dep't 1980). "Mere reposal of one's trust or confidence in a party, however, does not automatically create a fiduciary relationship; the trust or confidence must be accepted as well." Thermal Imaging, Inc. v. Sandgrain Sec., Inc., 158 F. Supp. 2d 335, 343 (S.D.N.Y. 2001). "Examples of fiduciary relationships include the relationships between trustee and beneficiary, guardian and ward, agent and principal, and attorney and client." Abercrombie v. Andrew Coll.,

438 F. Supp. 2d 243, 274 (S.D.N.Y. 2006) (internal quotation marks omitted). The plaintiff must demonstrate that the defendant was "under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relations." Flickinger v. Harold C. Brown & Co., 947 F.2d 595, 599 (2d Cir. 1991) (citation and internal quotation marks omitted).

"The existence of a fiduciary duty normally depends on the facts of a particular relationship, therefore a claim alleging the existence of a fiduciary duty usually is not subject to dismissal under Rule 12(b)(6)." Abercrombie, 438 F. Supp. 2d at 274. Nonetheless, "[a]bsent extraordinary circumstances, . . . parties dealing at arm[']s length in a commercial transaction lack the requisite level of trust or confidence between them necessary to give rise to a fiduciary obligation." Henneberry v. Sumitomo Corp., of Am., 415 F. Supp. 2d 423, 460 (S.D.N.Y. 2006). Moreover, "the Court is not required to credit mere legal conclusions that are dressed up as factual allegations that a defendant was in a fiduciary relationship with a plaintiff." World Wrestling Entm't, Inc. v. Jakks Pac., Inc., 530 F. Supp. 2d 486, 504 (S.D.N.Y. 2007); see also, e.g. Thayil v. Fox Corp., No. 11 Civ. 4791 (SAS), 2012 WL 364034, at *6 (S.D.N.Y. Feb. 2, 2012) (granting motion to dismiss where plaintiff did not "ple[ad] facts that would allow [the] [c]ourt to infer that a fiduciary relationship exists as a matter of law"); Abercrombie, 438 F. Supp. 2d at 274 ("[A]bsent an allegation of a special relationship, mere assertions of 'trust and confidence' are insufficient to support a claim of a fiduciary relationship.").

In his amended complaint, Faktor alleges that he "reposed, and SCORE knowingly accepted, [his] trust and confidence" regarding his business plans. (Am. Compl. ¶ 21.) This conclusory assertion, standing alone, is insufficient to allege a fiduciary relationship. The facts presented in the amended complaint describe only minimal interaction between Faktor and SCORE and thus do not allow the Court to infer that a fiduciary relationship developed. Faktor

has not alleged that SCORE had any position of superiority or influence over him. Faktor also does not allege that SCORE suggested to him in any way that it had accepted his trust or confidence, but states instead that SCORE declined to partner with Faktor within weeks of receiving information regarding the series. Moreover, while Faktor alleges that the information regarding the series was sent "by confidential email," (Am. Compl. ¶¶ 12-13), the emails themselves inform the SCORE employees that they should "feel free to pass [it] along [] to any of the businesses [they] have in mind." (Pl. Opp'n Ex. 1.) Faktor has thus failed to adequately plead a fiduciary or confidential relationship with SCORE and his claims for breach of fiduciary duty and constructive fraud must be dismissed.

### B. Unjust Enrichment Against Defendants

Faktor's amended complaint also alleges that Defendants were unjustly enriched at his expense because the Remake America series, from which Defendants derived substantial benefits, "replicates the concept" that Faktor pitched to SCORE. (Am. Compl. ¶¶ 15-16.) Defendants argue that Faktor's unjust enrichment claim is preempted by Section 301 of the Copyright Act.[4] Faktor does not respond substantively to this argument but rather "requests that he be permitted to amend his complaint to state a federal copyright claim should the Court determine that federal copyright law preempts unjust enrichment." (Pl. Opp'n 11.) The Court agrees with Defendants that Faktor's unjust enrichment claim is preempted and grants him an opportunity to file a second amended complaint.

Section 301 of the Copyright Act preempts a state law claim when (i) the work at issue "come[s] within the subject matter of copyright" and (ii) the right being asserted is "equivalent to

---

[4] Defendants also argue that Faktor's unjust enrichment claim fails as inadequately pled because he did not allege that his idea was novel. (Yahoo Mem. 1; SCORE Mem. 12-13.) Because the Court finds that Plaintiff's unjust enrichment claim is preempted by Section 301 of the Copyright Act, the Court need not address this argument.

any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(b); see Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012). The first prong, referred to as the "subject matter requirement," is satisfied when the state law claim "applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004). If the ideas that are the subject of a claim are "fixed in writing—whether or not the writing itself is at issue—the claim is within the subject matter of copyright." Forest Park, 683 F.3d at 430; see also Montz v. Pilgrim Films & Television, Inc., 649 F.3d 975, 979 (9th Cir. 2011) (en banc) ("Once an idea has been written down or otherwise recorded, [] we have recognized that it satisfies the Copyright Act's writing requirement because it is fixed in a tangible medium."). The work "need not consist entirely of copyrightable material" but must "only fit into one of the copyrightable categories in a broad sense." Briarpatch, 373 F.3d at 305.

Here, Faktor seeks compensation for his idea for a web series that Defendants allegedly replicated. Faktor's idea was "fixed in writing" because he provided "confidential information regarding the series" including a one-page synopsis of his proposal by email to two employees at SCORE. (Am. Compl. ¶¶ 12-13; Pl. Opp'n Ex. 3.) See Forest Park, 683 F.3d at 430 (finding that a series treatment comprised of character biographies, themes, and storylines fell within the subject matter of copyright); Stewart v. World Wrestling Fed'n Entm't, Inc., No. 03 Civ. 2468 (RLC), 2005 WL 66890, at *5 (S.D.N.Y. Jan. 11, 2005) (finding plaintiff's claims preempted in part because they did "not arise solely from the ideas and concepts orally conveyed" to defendant but also from video and clothing samples); see also Katz Dochermann & Epstein, Inc. v. Home Box Office, No. 97 Civ. 7763 (TPG), 1999 WL 179603, at *3 (S.D.N.Y. Mar. 31, 1999) (finding

that plaintiff's idea and the work expressing that idea could not be meaningfully separated and thus "both the copyrightable expression, and the uncopyrightable idea" fell within the subject matter of copyright). Accordingly, the subject matter requirement is met.

The second prong, referred to as the "general scope requirement," is satisfied when the state-created right may be abridged by an act that would, "in and of itself," infringe an exclusive right provided by federal copyright law. Forest Park, 683 F.3d at 430 (internal quotation marks omitted). "In other words, the state law claim must involve acts of reproduction, adaptation, performance, distribution or display." Briarpatch, 373 F.3d at 305. If the state law claim requires any "extra element that make[s] it qualitatively different from a copyright claim," however, it is not preempted. Id. Courts "take a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different form a copyright infringement claim." Id. at 306.

Here, the Court must determine whether Faktor's unjust enrichment claim meets the general scope requirement of preemption under Section 301. An unjust enrichment claim in New York requires proof that (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) equity and good conscience militate against permitting the defendant to retain what the plaintiff is seeking to recover. Id. (citing Clark v. Daby, 751 N.Y.S.2d 622, 623 (3d Dep't 2002)). This Circuit has consistently held that unjust enrichment claims do not contain an "extra element" and thus satisfy the general scope requirement. See Briarpatch, 373 F.3d at 306 ("While enrichment is not required for copyright infringement, we do not believe that it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim."); Stewart, 2005 WL 66890, at *5 ("The overwhelming majority of courts in this circuit have held that an unjust enrichment claim based upon the copying of subject matter

9

within the scope of the Copyright Act is preempted.") (internal quotation marks omitted). The gravamen of Faktor's unjust enrichment claim is that Defendants obtained, adapted and enriched themselves by exploiting his idea. This does not sufficiently change the nature of the unjust enrichment claim so as to differentiate it from a federal copyright action.

Because Faktor's unjust enrichment claim involves a work that falls within the subject matter of copyright and the right he is asserting is equivalent to the rights within the general scope of copyright, his claim is dismissed as preempted by the Copyright Act.

## IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss the amended complaint are granted.[5] Faktor is granted leave to amend and shall file his second amended complaint within thirty days of the date of this Order.

The Clerk of Court is respectfully directed to terminate the motions at Docket Numbers 12 and 15.

SO ORDERED.

Dated:   April 16, 2013
         New York, New York

Ronnie Abrams
United States District Judge

---

[5] Yahoo also moves, pursuant to 28 U.S.C. § 1927, for reimbursement of costs and fees based on the alleged "lack of good faith basis" to assert an unjust enrichment claim. (Yahoo Reply 5-6.) "Section 1927 authorizes the imposition of sanctions only where there is a finding of conduct constituting or akin to bad faith." State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 180 (2d Cir. 2004) (internal quotation marks omitted). The Court is not persuaded that Faktor's claim for unjust enrichment was so completely without merit as to support a finding of bad faith on the part of his counsel. Yahoo's request is denied.